IN THE DISTRICT COURT OF SHERIDAN COUNTY, NEBRASKA

| | | |
|---|---|---|
| BERNARD STRONG, | ) | Case No. CI11-45 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| SCHENK TRUCKING, INC., and | ) | |
| WILLIAM DECKER, | ) | |
| | ) | |
| Defendants. | ) | |

Bernard Strong, Plaintiff in the above-captioned matter, by and through his counsel of record, for his cause of action against Defendants, states as follows:

1.

Plaintiff Bernard Strong is a citizen of Rushville, Sheridan County, Nebraska. Defendant Schenk Trucking, Inc. ("STI") is a South Dakota corporation with its principal place of business in Minnehaha County, South Dakota; William Decker ("DECKER") is a resident of Sioux Falls, Minnehaha County, South Dakota; at all relevant times, DECKER was acting in the course and scope of his employment and/or agency with STI.

2.

The events at issue in this case transpired in Sheridan County, Nebraska; as such, venue and jurisdiction are proper in this Court.

### FIRST CAUSE OF ACTION

3.

On July 10, 2010, STRONG was driving westbound on Highway 20 in Sheridan County, Nebraska, shortly before 3:30 p.m. He was operating a 1975 International Harvester farm tractor.

4.







DECKER was operating a 2005 Kenworth tractor-trailer in the course and scope of his agency with STI, the owner of the tractor.

5.

In the middle of the intersection of Highway 20 and 350th Lane, DECKER attempted to pass STRONG. STRONG was turning left (south) onto 350th Lane at the time. DECKER ran into STRONG's farm tractor.

6.

The force of the collision injured STRONG and totaled his farm tractor, to his damage.

7.

The collision above-mentioned was proximately caused by the negligence of DECKER in the following particulars:

    a. Attempting to pass in an intersection;

    b. Failure to yield the right of way, including failure to observe and heed a stop sign;

    c. Failure to keep his vehicle under reasonable control;

    d. Failure to keep a proper lookout; and

    e. By failure to take appropriate steps to avoid colliding with the vehicle STRONG was driving.

8.

The collision was also proximately caused by STI, in these particulars:

    a. Negligently entrusting DECKER to operate vehicles on the public roadways for STI's business; and

    b. Negligently failing to supervise DECKER when DECKER was operating vehicles on the public roadways for STI's business.

9.

The negligence of both Defendants as above-described caused the following damage:

a. STRONG sustained physical injuries, which have necessitated medical treatment and which have caused him to incur medical expense.

b. STRONG will require additional medical treatment in the future;

c. STRONG has experienced, and will continue to experience into the future, pain, suffering and distress as a result of his physical injuries;

d. STRONG has incurred property damage (his farm tractor), inconvenience and other consequential and related economic losses.

## SECOND CAUSE OF ACTION

10.

At all relevant times, STRONG was (and is) the lawfully wedded husband of Teresa Beguin. She has assigned her cause of action against Defendants to STRONG.

11.

As a direct and proximate result of Defendants' negligence, Teresa Beguin has sustained a loss of comfort and consortium in her marriage. She has also sustained financial losses from her veterinary clinic as a result of transporting STRONG to and from medical care in Omaha and otherwise providing assistance with STRONG's post-surgical recovery.

WHEREFORE, Plaintiff prays for judgment against Defendants for his special damages in the amount to be precisely proven at trial, and for such general damages as are allowable by law, his costs, and such other relief as is mete.

BERNARD STRONG, Plaintiff,

By: _____
    Maren Lynn Chaloupka - NSBA # 20864
Chaloupka Holyoke Snyder Chaloupka Longoria & Kishiyama, P.C., L.L.O.
1714 Second Avenue
P.O. Box 2424
Scottsbluff, Nebraska 69363-2424
(308) 635-5000
mlc@chhsclaw.net

Counsel for Plaintiffs

IN THE DISTRICT COURT OF SHERIDAN COUNTY, NEBRASKA

| | |
|---|---|
| BERNARD STRONG,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SCHENK TRUCKING, INC., and<br>WILLIAM DECKER,<br><br>　　　　　　Defendant. | Case No. CI11-45<br><br><br>PRAECIPE FOR SUMMONS |

Please issue Summons in the above-entitled matter by CERTIFIED MAIL/RETURN RECEIPT REQUESTED to the following at their residence and/or usual place of business listed below:

　　　　　　　　　　　　　　　　　　　　　　　**Type of Service**

WILLIAM DECKER　　　　　　　　　　　　Certified Mail, Return Receipt
1111 S Walts Avenue
Sioux Falls, SD 57105-0543

Please prepare said summons and return to the undersigned for service. A copy of the complaint and written discovery will be served with such summons.

BERNARD STRONG, Plaintiff,

By: _____
Maren Lynn Chaloupka, NSBA # 20864
Chaloupka, Holyoke, Snyder, Chaloupka, Longoria
& Kishiyama, P.C., L.L.O.
1714 Second Avenue
Post Office Box 2424
Scottsbluff, NE 69361
Telephone: (308) 635-5000
Facsimile: (308) 635-8000
E-mail: mlc@chhsclaw.net

FILED
7-29-11
ELOISE J. KAMPBELL
CLERK DISTRICT COURT
SHERIDAN COUNTY
NEBRASKA

000003659D61

IN THE DISTRICT COURT OF SHERIDAN COUNTY, NEBRASKA

| | |
|---|---|
| BERNARD STRONG,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SCHENK TRUCKING, INC., and<br>WILLIAM DECKER,<br><br>　　　　　　　　　　Defendant. | Case No. CI-11-45<br><br>**PRAECIPE FOR SUMMONS** |

Please issue Summons in the above-entitled matter by CERTIFIED MAIL/RETURN RECEIPT REQUESTED to the following at their residence and/or usual place of business listed below:

　　　　　　　　　　　　　　　　　　　　　　　　　**Type of Service**

SCHENK TRUCKING, INC.　　　　　　　　　　　Certified Mail, Return Receipt
c/o Tim Schenk
3405 Teem Drive
Sioux Falls, SD 57107-0249

Please prepare said summons and return to the undersigned for service. A copy of the complaint and written discovery will be served with such summons.

FILED
7-29-11
ELOISE J. KAMPBELL
CLERK DISTRICT COURT
SHERIDAN COUNTY
NEBRASKA

BERNARD STRONG, Plaintiff,

By: _____
Maren Lynn Chaloupka, NSBA # 20864
Chaloupka, Holyoke, Snyder, Chaloupka, Longoria
& Kishiyama, P.C., L.L.O.
1714 Second Avenue
Post Office Box 2424
Scottsbluff, NE 69361
Telephone: (308) 635-5000
Facsimile: (308) 635-8000
E-mail: mlc@chhsclaw.net

Image ID:

| SUMMONS |

Doc. No.   3431

IN THE DISTRICT COURT OF Sheridan COUNTY, NEBRASKA
Sheridan County Courthouse
PO Box 581
Rushville    NE 69360 0581

Bernard Strong v. Schenk Trucking, Inc.

Case ID: CI 11   45

TO: Schenk Trucking, Inc,

You have been sued by the following plaintiff(s):

Bernard Strong

Plaintiff's Attorney:   Maren Lynn Chaloupka
Address:                Snyder & Chaloupka
                        1714 Second Ave, PO Box 2424
                        Scottsbluff, NE 69363-2424
Telephone:              (308) 635-5000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: JULY 29, 2011   BY THE COURT: _____
                                    Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Schenk Trucking, Inc,
c/o Tim Schenk
3405 Teem Drive
Sioux Falls, SD 57107-0249

Method of service: Certified Mail

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.

Image ID:                    **SUMMONS**                              Doc. No.    3432

IN THE DISTRICT COURT OF Sheridan COUNTY, NEBRASKA
Sheridan County Courthouse
PO Box 581
Rushville            NE 69360 0581

Bernard Strong v. Schenk Trucking, Inc,                Case ID: CI 11    45

TO:   William Decker

You have been sued by the following plaintiff(s):

  Bernard Strong

Plaintiff's Attorney:   Maren Lynn Chaloupka
Address:                Snyder & Chaloupka
                        1714 Second Ave, PO Box 2424
                        Scottsbluff, NE 69363-2424
Telephone:              (308) 635-5000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:   JULY 29, 2011        BY THE COURT: _____ [Seal]
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

  William Decker
  1111 S Walts Avenue
  Sioux Falls, SD 57105-0543

Method of service:   Certified Mail

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.

IN THE DISTRICT COURT OF SHERIDAN COUNTY, NEBRASKA

| | |
|---|---|
| BERNARD STRONG, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SCHENK TRUCKING, INC., and ) <br> WILLIAM DECKER, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br> PLAINTIFF'S INTERROGATORIES <br> AND REQUESTS FOR PRODUCTION <br> OF DOCUMENTS TO DEFENDANTS <br> (FIRST SET) |

To: Schenk Trucking, Inc., and William Decker, Defendants, and their attorney(s)

Defendants are hereby notified that they are required, pursuant to Rule 33 of the Nebraska Rules of Discovery, to answer under oath the following interrogatories within forty-five (45) days. These interrogatories shall be answered separately and fully, in writing and under oath, and the answers shall contain the complete knowledge of Defendants, including that which is available to them personally or through their agents or attorneys. These interrogatories shall be deemed continuing, and if Defendants obtain additional information pertaining to the interrogatories, they are required to promptly furnish this information to Plaintiff's attorney until the date of trial.

**INTERROGATORY NO. 1**: If you and/or the automobile that you were driving in the accident which occurred on July 10, 2010, were covered by liability insurance, to include excess coverage, state the following:

    a. The name and address of each such carrier of insurance;

    b. The limits of liability of such policy.

**ANSWER:**

INTERROGATORY NO. 2: State the names and addresses of all persons whom you are informed are witnesses to any of the events leading up to the accident complained of in Plaintiff's Complaint, the accident itself, or the events immediately after the accident.

ANSWER:

INTERROGATORY NO. 3: State the names and addresses of all persons whom you plan on calling as witnesses at the time of the trial of this matter.

ANSWER:

INTERROGATORY NO. 4: If you or your agents have taken statements concerning the facts of this accident from anyone, please state the names and addresses of such persons, the date that such statement was taken, and the identity of the person or persons who has possession of the statements.

ANSWER:

REQUEST FOR PRODUCTION NO. 1: Produce a copy of each statement identified in your Answer to the immediately preceding Interrogatory.

RESPONSE:

INTERROGATORY NO. 5: Do you plan to call any expert witnesses to testify at trial in this matter? If so, for each expert identified by you in response to Interrogatories or scheduling orders of this Court, for the preceding three years, please identify each case in which each such expert has testified at trial or by deposition, performed a Rule 35 medical examination, or otherwise furnished

evidence in such case, and for each such case please indicate whether each such expert was retained by the plaintiff or the defendant.

ANSWER:

INTERROGATORY NO. 6: For each expert identified in response to Interrogatories or scheduling orders of this Court, please indicate the compensation to be paid for:

    a. His review of the evidence in this case (including but not limited to medical records);

    b. Testimony in deposition;

    c. Testimony at trial, if different from the rate of testimony in deposition;

    d. Hourly rate paid for travel;

    e. Hourly rate for records review (including review of deposition testimony and/or discovery responses);

    f. Hourly rate for conferences with counsel; and

    g. Hourly rate for any additional research.

ANSWER:

REQUEST FOR PRODUCTION NO. 2: Please provide a copy of each exhibit to be used as a summary of or in support for the opinions of each expert identified in response to Interrogatories or scheduling orders of this Court.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3: For each expert identified in response to Interrogatories or scheduling orders of this Court, please provide a current curriculum vitae setting

forth his or her alleged qualifications, and specifically including a list of all publications authored by such expert withing the preceding ten (10) years.

RESPONSE:

**INTERROGATORY NO. 7:** For each expert identified in response to Interrogatories or scheduling orders of this Court, please give an approximation of the amount of work performed by him and/or her, the amount performed as an expert for plaintiffs and for defendants and the percentage of each, within the preceding ten (10) years.

ANSWER:

**INTERROGATORY NO. 8:** For each expert identified in response to Interrogatories or scheduling orders of this Court, please indicate what portion of his and/or her total work is performed as an forensic and/or expert witness, including an approximation of hours expended, percentage of income earned as an expert, and (if the expert is a medical witness) the approximate number of Rule 35 medical exams performed per year.

ANSWER:

**INTERROGATORY NO. 9:** For each expert identified in response to Interrogatories or scheduling orders of this Court, please disclose the percentage of total income received by him and/or her for work performed as an expert/forensic work.

ANSWER:

**REQUEST FOR PRODUCTION NO. 4:** If any expert identified in your answer to the

Interrogatories or scheduling orders of this Court has produced a report on his or her findings, conclusions and/or opinions, produce a copy of each such report.

RESPONSE:

INTERROGATORY NO. 10: If you, any of your employees/agents, any of your expert witnesses and/or your defense medical examiner rely or intend to rely on any text, article, treatise or other written publication in defense of Plaintiff's claims, please identify each with particularity.

ANSWER:

INTERROGATORY NO. 11: Has either Defendant, or anyone connected to the representation of either Defendant, taken or obtained any photographs, audiotapes or videotapes of the Plaintiff since July 10, 2010? If so, please state the following:

    a. The name and address of the person making such photographs, audiotapes or videotapes;

    b. The dates such photographs, audiotapes or videotapes were taken;

    c. The place they were taken; and,

    d. The name and address of the person or entity presently in possession of such photographs, audiotapes or videotapes.

ANSWER:

REQUEST FOR PRODUCTION NO. 5: Produce a copy of each photograph, audiotape and videotape identified in your Answer to Interrogatory 11.

RESPONSE:

**INTERROGATORY NO. 12:** Does either Defendant, or anyone connected to the representation of either Defendant, have in their possession or know of any photographs, audiotapes or videotapes which relate to any of the matters connected to this case. If the answer to this question is yes, state the following:

  a. The name and address of the person or persons in possession of such photographs, audiotapes or videotapes;

  b. The date and place such photographs, audiotapes or videotapes were taken.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:** Produce a copy of each photograph, audiotape and videotape identified in your Answer to Interrogatory 12.

**RESPONSE:**

**INTERROGATORY NO. 13:** As to all persons or entities you claim whose negligence you claim was a proximate cause of the collision complained of in Plaintiff's Complaint, state their names, addresses, and explain the facts upon which you base your claim.

**ANSWER:**

**INTERROGATORY NO. 14:** Describe DECKER's health at the time immediately prior to the accident complained of in Plaintiff's Complaint, specifically setting out any physical or mental condition from which DECKER was receiving any form of treatment (including medication, CPAP therapy, etc.).

**ANSWER:**

INTERROGATORY NO. 15: Had DECKER been involved in any collisions other than the one that Plaintiff complains of in his Complaint during the period beginning five years prior to the collision in question, until the present? If so, please state the following:

    a.    The date of such collision;

    b.    The place of such collision;

    c.    Describe any injuries sustained by anyone;

    d.    Describe whether Defendant received any traffic citations arising out of the collision.

ANSWER:


INTERROGATORY NO. 16: Has DECKER been cited and/or arrested for any traffic violations during the period of time starting five years prior to the accident in question, until present? This question specifically includes, but is not limited to, any citations issued in connection with the collision of July 10, 2010. If "yes," please state the following:

    a.    Describe the violation;

    b.    State the date and place where the violation occurred;

    c.    State the name of the court in which such violation was processed.

ANSWER:


INTERROGATORY NO. 17: During the 24-hour period prior to the accident complained of in Plaintiff's Complaint, had DECKER ingested any alcoholic beverage or drugs of any kind (including prescription drugs)? If so, what and how much?

ANSWER:

**INTERROGATORY NO. 18:** At the time of the accident complained of in Plaintiff's Complaint, state where DECKER was coming from and where DECKER was going.

**ANSWER:**

**INTERROGATORY NO. 19:** At the time of the collision complained of in Plaintiff's Complaint, was Defendant DECKER acting in the course and scope of employment?

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7:** Please produce all files maintained by Schenk Trucking, Inc., relating to William Decker.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 8:** For the five years preceding your responses to these requests, please produce all policies, manuals, rules, procedures, guidelines or other documentation relating to employee use of Schenk Trucking, Inc. vehicles.

**RESPONSE:**

**INTERROGATORY NO. 20:** For the five years preceding your responses to these requests, for each collision involving a Schenk Trucking, Inc. vehicle, please identify:

    a.    The date of such collision;

    b.    The name of the Schenk Trucking, Inc. driver;

    c.    The names of all other drivers of other vehicle(s) involved;

  d.  The location of the collision; and

  e.  Whether Schenk Trucking, Inc. and/or its insurer paid any claim(s) relating to such collision.

**ANSWER:**


            BERNARD STRONG, Plaintiff,

            By: _____
              Maren Lynn Chaloupka - NSBA # 20864
            Chaloupka Holyoke Snyder Chaloupka Longoria &
            Kishiyama, P.C., L.L.O.
            1714 Second Avenue
            P.O. Box 2424
            Scottsbluff, Nebraska 69363-2424
            (308) 635-5000
            mlc@chhsclaw.net

            Counsel for Plaintiffs